**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.                                                                             Civil No. 08-282 MCA/RHS
                                                                        Crim. No. 04-1348 MCA

GILBERT HERRERA,

      Defendant/Movant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

      1. THIS MATTER comes before the Court on Mr. Herrera's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), filed March 17, 2008 **[Doc. No. 1]**. Following a four-day jury trial, Mr. Herrera was adjudged guilty of Conspiracy to Violate 21 U.S.C. § 841(b)(1)(B), in violation of 21 U.S.C. § 846, and was sentenced to be imprisoned for a total term of 120 months. (See Judgment in a Criminal Case, filed Jul. 11, 2005 **[Cr. Doc. No. 97]**), United States v. Herrera, 1:04-CR-1348-MCA (D.N.M.)).

      2. In his § 2255 motion, Mr. Herrera apparently seeks to set aside his conviction and/or sentence, alleging that he received ineffective assistance of counsel. Specifically, Mr. Herrera alleges that his trial counsel, Robert J. Gorence, rendered ineffective assistance because he failed to alert the Court to Mr. Herrera's incompetence during trial. Mr. Herrera alleges that during the trial he was suffering from a staph infection and undiagnosed diabetes,[1] and that the combined

---

[1] On November 16, 2004, the day after Mr. Herrera's trial concluded, a physician at the detention facility "formally diagnosed Herrera with diabetes and prescribed a diabetic medication and diet to control his blood-glucose levels." United States v. Herrera, 481 F.3d 1266, 1268 (10th Cir. Apr. 4, 2007).

effects of the two conditions left him "unable to participate in the trial process due to listlessness and an inability to concentrate." (§ 2255 motion at 4).

*Competency Standard*

3.  The standard for determining whether a defendant is competent to stand trial is "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402 (1960) (per curiam)).  "The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to . . . assist in his own defense."  Wolf v. United States, 430 F.2d 443, 445 (10th Cir. 1970) (citations omitted); see also Miles v. Dorsey, 61 F.3d 1459, 1472 (10th Cir. 1995) (quotation omitted) (noting that some degree of mental disorder "does not necessarily mean that . . . [a defendant] is incompetent to knowingly and voluntarily enter a plea . . . .").

*Ineffective Assistance of Counsel Standard*

4.  In order for Mr. Herrera to prevail on his claim that he received ineffective assistance of counsel, he must satisfy a two-part test.  See Miller v. Champion, 262 F.3d 1066, 1071 (10th Cir. 2001).  Mr. Herrera must show both (1) that counsel's "performance was deficient" and (2) that counsel's deficient representation prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Gillette v. Tansy, 17 F.3d 308, 310 (10th Cir. 1994).

5.  To meet the first prong of the Strickland test, Mr. Herrera must show that "counsel's representation fell below an objective standard of reasonableness."  Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland, 466 U.S. at 688).  In order to do so, Mr. Herrera must overcome the strong presumption that his attorney's conduct fell within the wide range of

competence demanded of attorneys in criminal cases.  See Gillette, 17 F.3d at 310; Hill, 474 U.S. at 56.  In evaluating an ineffective assistance claim, the Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Strickland, 466 U.S. at 690.

6.  Second, assuming that Mr. Herrera satisfies the first prong, he must also demonstrate that he was prejudiced as a result of his counsel's deficient performance.  To demonstrate prejudice, Mr. Herrera must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 at 694.

*Discussion*

7.  The Honorable M. Christina Armijo, United States District Judge, reviewed the same evidence presented in support of Mr. Herrera's § 2255 motion in considering Mr. Herrera's motion for a new trial.[2]  In reaching her findings and conclusions, Judge Armijo considered not only the evidence presented to this Court, but her own observations of Mr. Herrera's conduct and demeanor throughout the entire trial.  After considering the evidence, Judge Armijo found "that the totality of the circumstances 'do[es] not raise a *bona fide* doubt or support a reasonable inference that [Herrera] was not competent to stand trial' in November 2004."  Herrera, 481 F.3d at 1271.  In affirming Mr. Herrera's conviction, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") found no clear error in Judge Armijo's ruling on this issue.  The Tenth Circuit concluded that it did "not find the district court 'ignored evidence that, viewed

---

[2]Mr. Herrera filed a motion for a new trial approximately four months after his conviction.

objectively, raised a bona fide doubt as to [defendant's] competency.'" Herrera, 481 F.3d at 1273 (citation omitted).

8. This Court concludes that Mr. Herrera fails to satisfy either prong of the Strickland test. First, Mr. Herrera does not point to any specific act or omission of counsel that falls below an objective standard of reasonableness. While Mr. Herrera avers that he had trouble concentrating during the trial, he apparently did not inform his trial counsel of this problem. Mr. Gorence avers that he had a difficult time communicating with his client during trial, which he attributed to stress at that time.[3] Under the circumstances, counsel's failure to alert the Trial Court regarding Mr. Herrera's competency did not fall below an objective standard of reasonableness.

9. Second, even assuming that Mr. Herrera satisfies the first prong, he fails to establish that counsel's failure to raise the issue of Mr. Herrera's competency at trial resulted in any prejudice. Particularly in light of Judge Armijo's conclusion, affirmed by the Tenth Circuit, that Mr. Herrera failed to raise a *bona fide* doubt as to his competency to stand trial, this Court concludes that Mr. Herrera does not show that any deficient conduct on the part of counsel prejudiced Mr. Herrera. Accordingly, Mr. Herrera's claim for relief on the basis of ineffective assistance of counsel should be denied.

*Conclusion and Recommendation*

Because it is possible to resolve the issues raised by Mr. Herrera on the pleadings, and

---

[3]Judge Armijo reviewed post-trial affidavits of Mr. Herrera and Mr. Gorence that are nearly identical to those submitted in support of the § 2255 motion. After "[c]onsidering the totality of the circumstances," including her observations of Mr. Herrera at trial, Judge Armijo found that "the affidavits . . . are not credible . . . ." (Memorandum Opinion and Order, filed May 20, 2005 **[Cr. Doc. No. 85]** Herrera, 1:04-CR-1348-MCA (D.N.M.)).

the record establishes conclusively that he is not entitled to relief, the Court finds that an evidentiary hearing is not necessary.  Accordingly, for all of the reasons set forth above, the Court respectfully recommends that Mr. Herrera's request for an evidentiary hearing be **denied**, that his § 2255 motion be **denied**, and that this civil proceeding be **dismissed with prejudice**.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE